## Gustave Albrecht, Appellee, v. Auditorium Lyceum et al., Appellants.

### Gen. No. 24,133.   (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court. Reversed. Opinion filed April 29, 1918.

### Statement of the Case.

Bill in the nature of a creditor's bill by Gustave Albrecht, complainant, against Auditorium Lyceum and Chautauqua Association, a corporation, Theodore Turnquist, Edna R. Severingham and Auditorium School of Lyceum Arts, a corporation, defendants, to enforce payment of a judgment against the Association, an execution upon which had been returned *nulla bona*. From an order, entered on motion of complainant, appointing a receiver for the Association, defendants appeal.

JULIAN C. RYER, for appellants.

SIMS, WELCH & GODMAN, for appellee; ELMER G. GODMAN, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. RECEIVERS, § 12*—*bond as condition precedent to appointment.* Compliance with Rev. St. ch. 22, sec. 53 (J. & A. ¶ 2743), regarding the giving of a bond by complainant, is a *sine qua non* to the court's power to appoint a receiver, unless by the order itself the giving of such a bond is dispensed with.

2. APPEAL AND ERROR, § 1165*—*when Appellate Court may not determine whether rules of trial court as to appeal bond complied with.* Where an appeal bond, on an appeal from the Circuit Court, is in proper form and is approved by the court, the question whether the person giving it complied with the rules of the court is not for the Appellate Court, but for the court to which the bond was presented and by which it was approved.

3. APPEAL AND ERROR, § 1289*—*when assumed that rules of Circuit Court relative to appeal bonds complied with.* Where the rules of the Circuit Court are not in the record on an appeal therefrom, the Appellate Court will assume that the rules of the Circuit Court relative to appeal bonds were complied with to the satisfaction of the presiding judge.